1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,

11          Plaintiff,                    No.  2:  03-mc-0118 MCE JFM

12      vs.

13   ALETHA M. ENSMINGER,

14          Defendant.              FINDINGS AND RECOMMENDATIONS

15   _____/

16                         I.  BACKGROUND

17          The Superior Court of California, County of Riverside entered default judgment

18   in favor of the Student Loan Marketing Association (SLMA) against the defendant on May 9,

19   1994 in the amount of $72,398.57 ($62.385.35 in principal, $7,499.42 in interest, $2,261 in

20   attorney's fees and $252 in costs).  (See Dkt. No. 1 at p. 3.)  On June 22, 1994, SMLA assigned

21   the default judgment to the United States.  (See id. at p. 2.)  The balance on the judgment owed

22   as of December 1, 2012 is $137,564.02 due to post-judgment interest according to the United

23   States.

24          The judgment was registered in this court on May 2, 2003 by the United States.

25   To enforce the judgment, the United States filed an application for writ of continuing

26   garnishment (wages) which was served on defendant and Pacific Dental Services, Inc, Parkway

1   Dental Group and Orthodontics.  Pacific Dental Services, Inc. filed an acknowledgment of

2   service and answer on April 27, 2012.  (See Dkt. No. 5.)

3            On May 22, 2012, defendant, proceeding pro se, requested a hearing pursuant to

4   28 U.S.C. § 3205(c)(5).[1]  Defendant states that she does not owe the money claimed by the

5   default judgment.  (See Dkt. No. 9 at p. 2.)

6            The United States filed a response to the request for a hearing on December 21,

7   2012.  (See Dkt. No. 14.)  Defendant, now acting through counsel, filed a reply on January 17,

8   2013.  (See Dkt. No. 18.)  The court heard argument on the application for writ of garnishment

9   on January 24, 2013.

10                            II.  ANALYSIS

11       A.  The Federal Debt Collections Procedure Act

12            The Federal Debt Collections Procedure Act ('FDCPA') provides that the United

13   States can enforce a judgment through a garnishment.  See 28 U.S.C. §§ 3202(a), 3205.  The

14   FDCPA defines a judgment as "a judgment, order or decree entered in favor of the United States

15   in a court and arising from a civil or criminal proceeding regarding a debt."  Id. § 3002(8).  A

16   debt is defined as:

17           (A) an amount that is owing to the United States on account of a
          direct loan, or loan insured or guaranteed, by the United States; or

18

19           (B) an amount that is owing to the United States on account of a
          fee, lease, rent, service, sale of real or personal property,
          overpayment, fine, assessment, penalty, restitution, damages,

20           interest, tax, bail bond forfeiture, reimbursement, recovery of a
          cost incurred by the United States, or other source of indebtedness

21           to the United States, but is not owing under the terms of a contract
          originally entered into by only persons other than the United

22           States.

23   28 U.S.C. § 3002(3).

24            Section 3205(a) of the FDCPA permits a court to issue a writ of garnishment

25

26         [1] That section provides that within twenty days after receipt of the answer, the judgment
  debtor or the United States may file a written objection to the answer and request a hearing.

1   against certain property of a debtor, including "nonexempt disposable earnings."  The FDCPA

2   defines disposable earnings as "earnings remaining after all deductions required by law have

3   been withheld" and further defines "nonexempt disposable earnings" as "25 percent of

4   disposable earnings."  28 U.S.C. § 3002(9).  Under 28 U.S.C. § 3205(c), plaintiff must apply for

5   the writ, provide the proper form of the writ, serve a request for an answer on defendant's

6   employer, and serve the writ of the judgment debtor.

7          Section 3205(c)(5) permits the judgment debtor the opportunity to file written

8   objections to the answer and request a hearing.  The party objecting shall state grounds for the

9   objection and bears the burden of proving such grounds.  See 28 U.S.C. § 3205(c)(5).

10         B.  Discussion

11         As previously stated, default judgment was entered against the defendant in state

12  court back in May of 1994.  SMLA then assigned the judgment to the United States in June of

13  1994.  In defendant's reply filed on January 17, 2013, she asserts that she signed many different

14  loan applications to secure loans for the purposes of her education from 1982 to 1987.  (See Dkt.

15  No. 18 at p. 1.)  She asserts that SMLA was never a lender or beneficiary for any of her student

16  loans.  (See id. at p. 2.)  Rather, she asserts that SMLA acts as a servicing agent on loans and that

17  "no debt has ever been owed to [SMLA]."  (Id.)  Accordingly, defendant claims that "no

18  adjudication of the central issue of this case has ever been tried, rather, a default judgment was

19  entered into the record without Defendant ever having enough knowledge of the material facts to

20  defendant Defendants' legal position.  The Default judgment should be reversed based upon

21  Defendants' ability to assert triable issues of fact and discovery rights that were not known at the

22  time of the default judgment."  (Id. at p. 4.)

23         In support of her position, defendant relies on Federal Rule of Civil Procedure

24  60(b)(2) and 60(b)(4) to attack the default judgment.  Federal Rule of Civil Procedure 60(b)(2)

25  provides that a court can relieve a party from a final judgment if there is "newly discovered

26  evidence that, with reasonable diligence, could not have been discovered in time to move for a

3

1  new trial under Rule 59(b)."  Federal Rule of Civil Procedure 60(b)(4) provides that a court can

2  relieve a party from final judgment if the "judgment is void."[2]

3           Additionally, defendant asserts that she should be entitled to discovery to

4  "identify the party who provided the consideration" for the student loan at issue.  (See id. at p. 4-

5  5.)  Thus, defendant requests that the court set aside the default judgment and permit defendant

6  to conduct discovery so that she can find out who the loan is really owed to as "the Default

7  Judgment is based on the claim that these loans were so guaranteed" by the United States.  (See

8  id. at p. 5.)

9           Defendant's arguments attack the validity of the default judgment issued by the

10  state court in 1994.  Indeed, defendant asserts in her reply brief that SMLA was not the lender or

11  beneficiary of the loan to her and therefore default judgment was improperly entered in SMLA's

12  favor.  The Rooker-Feldman doctrine "stands for the relatively straightforward principle that

13  federal district courts do not have jurisdiction to hear the de facto appeals from state court

14  judgments."  Carmona v. Carmona, 603 F.3d 1041, 1050-51 (9th Cir. 2010).  Under the Rooker-

15  Feldman doctrine, a federal district court is precluded from hearing "cases brought by state court

16  losers complaining of injuries caused by state court judgments rendered before the district court

17  proceedings commenced and inviting district court review and rejection of those judgments."

18  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).  "A suit brought in

19  federal district court is a 'de facto appeal' forbidden by Rooker-Feldman when "a federal

20  plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief

21  from a state court judgment based on that decision."  Carmona, 603 F.3d at 1050.

22           Defendant's assertions are in effect a 'de facto appeal' of the state court default

23  judgment.  Indeed, she requests that this court issue an order vacating the state court's default

24  ─────────────────

25       [2] It is worth noting that Federal Rule of Civil Procedure 60(c) provides that "A motion
   under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2) and (3) no
26  more than a year after the entry of the judgment or order or the date of the proceeding."

judgment.  What defendant requests this court to do is barred by <u>Rooker-Feldman</u> under these

circumstances.  <u>See</u> <u>Fleming v. Gordon Law Group, P.C.</u>, 723 F. Supp. 2d 1219, 1223 (N.D. Cal.

2010) ("[T]here is no question that the <u>Rooker-Feldman</u> doctrine bars a district court from

reviewing an [Fair Debt Collection Practices Act] claim that challenges the validity of a debt

authorized by a state court judgment.") (footnote omitted); <u>see also</u> <u>Bryant v. Gordon & Wong</u>

<u>Law Group, P.C.</u>, 681 F. Supp. 2d 1205, 1208 (E.D. Cal. 2010) ("Plaintiff is inherently

challenging the entry of default against him and the writ of execution that authorized the

garnishment.  The net effect is that Plaintiff is seeking to undermine the state court judgments.

These judgments were rendered before the current district court proceeding and any action by

this Court in favor of Plaintiff on his [Fair Debt Collection Practices Act] . . . claims would

necessarily require review of those state court judgments.  The <u>Rooker-Feldman</u> doctrine

specifically bars this Court from doing so.  If Plaintiff believes he has been wronged by the

actions of the state court, he must turn to the state for remedy.").  While the court notes that both

<u>Fleming</u> and <u>Bryant</u> involved a judgment debtor bringing an action under the Fair Debt

Collection Practices Act as opposed to the Federal Debt Collections Procedure Act, both cases

are persuasive authority which illustrate the applicability of the <u>Rooker-Feldman</u> doctrine that

bars defendant's arguments in this case.  If defendant wishes to attack the default judgment

entered in 1994, the proper venue is state court, not these garnishment proceedings in which the

United States is seeking to enforce the default judgment entered.[3]  Accordingly, the writ of

continuing garnishment should be granted.

/////

---

[3] It is worth noting that the Ninth Circuit has stated that the <u>Rooker-Feldman</u> doctrine does not bar cases that are based on "extrinsic fraud" on the state court, which is defined as "conduct which prevents a party from presenting his claim in court."  <u>Kougasian v. TMSL, Inc.</u>, 359 F.3d 1126, 1140 (9th Cir. 2004).  However, as the Ninth Circuit stated in <u>Kougasian</u>, 359 F.3d at 1140, <u>Rooker-Feldman</u> applies when the federal litigant "both asserts as her injury legal error or errors by the state court *and* seeks as her remedy relief from the state court judgment." That is what is at issue in this case.

C.  Surcharge

The United States argues that it is entitled to recover an additional surcharge from defendant under the FDCPA.  The FDCPA authorizes a ten percent surcharge to the United States in actions to recover a "debt" owed to the United States.  See 28 U.S.C. § 3011(a).

The United States is not entitled to a surcharge in this case.  The FDCPA states that a surcharge shall not apply if "the United States receives an attorney's fee in connection with the enforcement of the claim."  28 U.S.C. § 3011(b)(1).  The default judgment entered by the state court expressly included $2,261 in attorney's fees.  Thus, the United States will be receiving an attorney's fee through enforcing the claim.  The FDCPA does not therefore authorize a surcharge in this situation.  Accordingly, a surcharge should not issue.

III.  CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's application for a writ of continuing garnishment be granted; and

2.  Plaintiff's request for a surcharge be denied.

/////

/////

/////

/////

/////

/////

/////

/////

/////

/////

/////

/////

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 26, 2013.

UNITED STATES MAGISTRATE JUDGE

14
ensm0118.garn