UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALETHA M. ENSMINGER,<br><br>Defendant. | No.  2:03-mc-0118 MCE DAD<br><br><br><br>ORDER |

On April 25, 2013, plaintiff's application for a writ of continuing garnishment was granted.  (Dkt. No. 27.)  On October 29, 2014, defendant Aletha Ensminger, proceeding pro se, filed a motion seeking an expedited hearing of her motion to terminate that garnishment "pursuant to 28 U.S.C. § 3205(c)(10)(2)."  (Dkt. No. 29.)  The motion was referred to the undersigned by the assigned District Judge on October 30, 2014.  (Dkt. No. 31.)

Title 28 U.S.C. § (c)(10)(B)[1], provides that a garnishment is terminated by exhaustion of the property in the control of the garnishee, including nonexempt disposable earnings, unless the garnishee reinstates or reemploys the judgment debtor within 90 days after the judgment debtor's dismissal or resignation.  Defendant's motion asserts that she was terminated from her employment with Pacific Dental Services, the garnishee, on August 22, 2014, and requests "that

---

[1] Plaintiff has referred to 28 U.S.C. § 3205(c)(10)(2), however, there is currently no such statutory provision.

1

Case 2:03-mc-00118-MCE-DAD   Document 34   Filed 11/06/14   Page 2 of 2

this court order Defendants MOTION TO TERMINATE the wage garnishments be heard on an expedited basis." (Dkt. No. 29 at 2.)

Defendant's motion, however, simply fails to address why this court should hear her motion on an expedited basis and no reason is apparent from her motion.[2]

Accordingly, IT IS HEREBY ORDERED that defendant's October 29, 2014 motion for an expedited hearing (Dkt. No. 29) is denied without prejudice.

Dated: November 5, 2014

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\ensminger0118.mot.exp.den.ord.docx

---

[2] It appears from defendant's motion that the 90-day period in which the garnishee could reemploy defendant as provided by 28 U.S.C. § 3205(c)(10)(B) has not yet expired. Even if the 90-day period had already expired, defendant must still explain to this court why defendant's motion should be heard on an expedited basis instead of under the motions hearing schedule contemplated by the Local Rules.

2